| Fill in this information to identify your case: | | | | | |
|---|---|---|---|---|---|
| Debtor 1 | Quinteria Shavonne Mazyck-Wilson | | | ☑ | Check if this is a modified plan, and list below the sections of the plan that have been changed. |
| | First Name | Middle Name | Last Name | | |
| Debtor 2 (Spouse, if filing) | First Name | Middle Name | Last Name | | |
| United States Bankruptcy Court for the: | | DISTRICT OF SOUTH CAROLINA | | ☑ | Pre-confirmation modification |
| | | | | ☐ | Post-confirmation modification |
| Case number: (If known) | 17-05803 | | | | 6.1 |

## District of South Carolina
## Chapter 13 Plan

12/17

### Part 1:  Notices

To Debtor(s):    This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

To Creditors:    **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ☐ Included | ☑ Not Included |

### Part 2:  Plan Payments and Length of Plan

**2.1**    The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

**$815.00** per **Month** for **60** months

*Insert additional lines if needed.*

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court.

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2    Regular payments to the trustee will be made from future income in the following manner:**

| Debtor | Quinteria Shavonne Mazyck-Wilson | Case number | 17-05803 |
|---|---|---|---|

*Check all that apply:*
- [ ] The debtor will make payments pursuant to a payroll deduction order.
- [✓] The debtor will make payments directly to the trustee.
- [ ] Other (specify method of payment):

### 2.3 Income tax refunds.
*Check one.*
- [✓] Debtor will retain any income tax refunds received during the plan term.
- [ ] Debtor will treat income refunds as follows:

### 2.4 Additional payments.
*Check one.*
- [✓] None. If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

## Part 3: Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

### 3.1 Maintenance of payments and cure or waiver of default, if any.

*Check all that apply. Only relevant sections need to be reproduced.*

- [ ] None. If "None" is checked, the rest of § 3.1 need not be completed or reproduced.
- [ ] **3.1(a)** The debtor is not in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor.
- [✓] **3.1(b)** The debtor is in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. The arrearage payments will be disbursed by the trustee, with interest, if any, at the rate stated. The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court.

| Name of Creditor | Collateral | Estimated amount of arrearage | Interest rate on arrearage (if applicable) | Monthly payment on arrearage |
|---|---|---|---|---|
| WOODHILL PLACE ASSOCIATION | HOA FEES: TO BE PAID IN PLAN, DEBTOR TO RESUME REGULAR PAYMENTS IN JANUARY 2018. | $14,403.07<br>Includes amounts accrued through the | 0.00% | $241.00<br>(or more) |

*Insert additional claims as needed.*

- [ ] **3.1(c)** The debtor elects to make post-petition mortgage payments to the trustee for payment through the Chapter 13 Plan in accordance with the Operating Order of the Judge assigned to this case and as provided in Section 8.1. In the event of a conflict

District of South Carolina

Effective December 1, 2017                Chapter 13 Plan                Page 2

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

| Debtor | Quinteria Shavonne Mazyck-Wilson | Case number | 17-05803 |
|---|---|---|---|

between this document and the Operating Order, the terms of the Operating Order control.

- [✓] **3.1(d)** The debtor proposes to engage in loss mitigation efforts with **THE LOAN SERVICING CENTER** according to the applicable guidelines or procedures of the Judge assigned to this case. Refer to section 8.1 for any nonstandard provisions, if applicable.

- [ ] **3.1(e) Other.** A secured claim is treated as set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

*Insert additional claims as needed*

**3.2** **Request for valuation of security and modification of undersecured claims.** *Check one.*

- [✓] **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**3.3** **Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.**

*Check one.*
- [ ] **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.
- [✓] The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall satisfy any liens within a reasonable time.

| Name of Creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| AUTO MONEY TITLE LOANS | 2008 NISSAN ALTIMA: TO BE PAID IN PLAN | $5,689.22 | 5.25% | $109.00 (or more) <br> Disbursed by: <br> [✓] Trustee <br> [ ] Debtor |
| EXETER FINANCE | 2013 NISSAN ROGUE: TO BE PAID IN PLAN. | $15,195.00 | 5.25% | $289.00 (or more) <br> Disbursed by: <br> [✓] Trustee <br> [ ] Debtor |

*Insert additional claims as needed.*

**3.4** Lien avoidance.

*Check one.*
- [✓] **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5** Surrender of collateral.

*Check one.*
- [✓] **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

## Part 4: Treatment of Fees and Priority Claims

**4.1** General
The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the

District of South Carolina

Effective December 1, 2017               Chapter 13 Plan               Page 3

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

| Debtor | Quinteria Shavonne Mazyck-Wilson | Case number | 17-05803 |
|---|---|---|---|

Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2    Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3    Attorney's fees.**

a. The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending pro se case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

b. If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $ or less.

**4.4    Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

[✓] The debtor is unaware of any priority claims at this time. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

[ ] Domestic Support Claims. 11 U.S.C. § 507(a)(1):

a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. Add additional creditors as needed.

b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

[✓] **Other Priority debt.** The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a pro rata basis. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

**4.5    Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

[✓] **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

**Part 5:    Treatment of Nonpriority Unsecured Claims**

**5.1    Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

[✓] The debtor estimates payments of less than 100% of claims.

District of South Carolina

Effective December 1, 2017                    Chapter 13 Plan                    Page 4

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

| Debtor | **Quinteria Shavonne Mazyck-Wilson** | Case number | **17-05803** |
|---|---|---|---|

☐ The debtor proposes payment of 100% of claims.
☐ The debtor proposes payment of 100% of claims plus interest at the rate of %.

**5.2** Maintenance of payments and cure of any default on nonpriority unsecured claims. *Check one.*

☑ **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3** Other separately classified nonpriority unsecured claims. *Check one.*

☑ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

### Part 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☑ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

### Part 7: Vesting of Property of the Estate

**7.1** Property of the estate will vest in the debtor as stated below:
*Check the appliable box:*

☑ Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

☐ **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

### Part 8: Nonstandard Plan Provisions

**8.1** Check "None" or List Nonstandard Plan Provisions
☐ **None.** If "None" is checked, the rest of Part 8 need not be completed or reproduced.

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*

**NOTICE:** The confirmation of this plan may determine the character (secured, unsecured or priority), amount and timing of distribution of creditor's claim regardless of proof of claim filed. If a creditor objects to a claim's treatment under the plan, the creditor must timely object to confirmation.

**Statement in Support of Confirmation:** Debtor understands the following: (1) The obligations set forth in the plan, including the amount, method and timing of payments made to the Trustee or directly to creditors; (2) The consequences of any default under the Plan; and (3) That debtor(s) may not agree to sell or sell property, employ professionals, incur debt (including modification of debt), or request or agree to mortgage modification or other loss mitigation during the pendency of the case without the advance authorization of the Bankruptcy Court.

**8.1(a) Reservation of Rights:** Confirmation of this plan does not bar a party in interest from any actions discovered from the documentation, or lack thereof, in a proof of claim. The debtor specifically reserves any currently undiscovered or future claims, rights or cause of action the debtor may have, regarding any issues not specifically addressed or determined by the plan, against any creditor or other party in interest including, but not limited to, violations of applicable consumer protections codes and actions under 11 U.S.C. §§ 542, 543, 544, 547 and 548.

| | | | |
|---|---|---|---|
| Debtor | Quinteria Shavonne Mazyck-Wilson | Case number | 17-05803 |

**3.1 The Debtor(s)' plan relies upon loss mitigation or a consensual mortgage loan modification (LM/MM) of the mortgage loan secured by the following property:**

> DEBTORS RESIDENCE-DEBTOR'S RENTAL PROPERTY: 6270 ROLLING FORK ROAD, UNIT C, CHARLESTON, SC 29406

If LM/MM is approved, the Debtor(s) shall directly pay THE LOAN SERVICING CENTER's allowed mortgage claim, including any prepetition and post petition amounts. No payment will be made by the Trustee on this secured claim.

In the event that (1) the LM/MM request (an any necessary documentation) is not submitted or is denied or (2) the Debtor(s) fail to timely make any required Trial Period Plan Payments, the Mortgage Creditor may, after 14 days' written notice to the Debtor(s), Debtor(s)' Counsel, and the Trustee, submit an affidavit and proposed order seeking relief from the stay. However, the Mortgage Creditor may not obtain relief until its final consideration of LM/MM is concluded and reported to the Debtors(s) and Debtor(s)' Counsel.

## Part 9: Signatures:

**9.1    Signatures of debtor and debtor attorney**

*The debtor and the attorney for the debtor, if any, must sign below.*

X   /s/ Quinteria Shavonne Mazyck-Wilson
    **Quinteria Shavonne Mazyck-Wilson**
    Signature of Debtor 1

    Executed on    **February 23, 2018**

X   /s/ Heather S. Bailey
    **Heather S. Bailey 11592**
    Signature of Attorney for Debtor(s)  DCID#

X   _____
    Signature of Debtor 2

    Executed on   _____

    Date    **February 23, 2018**

By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.

## CERTIFICATE OF SERVICE

The above signing parties certify that the foregoing Notice, Plan and Motions was served on all creditors and parties in interest entitled to such notice on the above stated date. The list of the specific names and addresses of parties served with the plan is attached to the plan filed with the Court.

James M. Wyman (ECF)

SEE ATTACHED LIST.

| | | |
|---|---|---|
| Label Matrix for local noticing<br>420-2<br>Case 17-05803-jw<br>District of South Carolina<br>Charleston<br>Fri Feb 23 17:01:04 EST 2018 | Exeter Finance LLC c/o AIS Portfolio Servic<br>P.O. Box 165028<br>Irving, TX 75016-5028 | PRA Receivables Management, LLC<br>Synchrony Bank<br>PO Box 41021<br>Norfolk, VA 23541-1021 |
| Towd Point Mortgage Trust 2017-2, U.S. Bank<br>c/o Select Portfolio Servicing, Inc.<br>217 South Decker Lake Drive<br>Salt Lake City, UT 84119-3284 | J. Bratton Davis United States<br>Bankruptcy Courthouse<br>1100 Laurel Street<br>Columbia, SC 29201-2423 | AMSHER COLLECTION SERVICES<br>4524 SOUTHLAKE PARKWAY<br>STE 15<br>Birmingham AL 35244-3271 |
| ATLANTIC CREDIT<br>POB 2083<br>Warren MI 48090-2083 | ATTORNEY GENERAL OF UNITED STATES<br>950 PENNSYLVANIA AVENUE, NW<br>Washington DC 20530-0009 | AUTO MONEY TITLE LOANS<br>2811 ASHLEY PHOSPHATE ROAD<br>North Charleston SC 29418-4437 |
| CAPITAL ONE<br>POB 30281<br>Salt Lake City UT 84130-0281 | CAPITAL ONE, N.A.<br>C/O BECKET AND LEE LLP<br>PO BOX 3001<br>MALVERN PA 19355-0701 | CARE CREDIT<br>PO BOX 960061<br>Orlando FL 32896-0061 |
| CENTRAL CREDIT SERVICES<br>550 REGENCY SQUARE BLVD<br>Jacksonville Beach FL 32225-8169 | CHARLESTON COUNTY TAX OFFICE<br>POB 878<br>Charleston SC 29402-0863 | Discover Bank<br>Discover Products Inc<br>PO Box 3025<br>New Albany, OH 43054-3025 |
| EXETER FINANCE<br>PO BOX 166097<br>Irving TX 75016-6097 | IRS<br>PO BOX 7346<br>Philadelphia PA 19101-7346 | KOHLS<br>PO BOX 3115<br>Milwaukee WI 53201-3115 |
| MEDICREDIT<br>190 CARONDELET PLAZA<br>STE 1590<br>Saint Louis MO 63105-3444 | MIDLAND FUNDING<br>PO BOX 4457<br>Houston TX 77210-4457 | MIDLAND FUNDING LLC<br>PO BOX 2011<br>WARREN, MI 48090-2011 |
| MOSS & ASSOCIATES<br>4170 ASHLEY PHOSPHATE ROAD<br>FIRST CITIZENS BUILDING, SUITE 405<br>Charleston SC 29406-4178 | PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | SC DEPT OF REVENUE<br>PO BOX 12265<br>Columbia SC 29211-2265 |
| SECURITY COLLECTION AGENCY<br>717 SOUNDSIDE ROAD<br>Edenton NC 27932-8922 | SHADOW MOSS APARTMENTS<br>1052 SHADOW ARBOR CIRCLE<br>Charleston SC 29414-6647 | SIMONS & DEAN<br>147 WAPPOO CREEK DRIVE<br>STE 604<br>Charleston SC 29412-2157 |
| T Mobile/T-Mobile USA Inc<br>by American InfoSource LP as agent<br>PO Box 248848<br>Oklahoma City, OK 73124-8848 | THE LOAN SERVICING CENTER<br>PO BOX 551170<br>Jacksonville FL 32255-1170 | US ATTORNEY GENERAL<br>ATTN DOUG BARNETT<br>1441 MAIN ST<br>SUITE 500<br>Columbia SC 29201-2862 |

| | | |
|---|---|---|
| WOODHILL PLACE ASSOCIATION<br>241 ROLLING FORK ROAD<br>Charleston SC 29406-4923 | WORLD FINANCE<br>108 FREDERICK ST<br>Greenville SC 29607-2532 | World Finance Corp. c/o World Acceptance Co<br>Attn: Bankruptcy Processing Center<br>PO Box 6429<br>Greenville, SC 29606-6429 |
| Heather S Bailey<br>Moss and Associates<br>170 Ashley Phosphate Rd. Suite 405<br>N. Charleston, SC 29406-4178 | James M. Wyman<br>PO Box 997<br>Mount Pleasant, SC 29465-0997 | Quinteria Shavonne Mazyck-Wilson<br>1041 Shadow Arbor Circle<br>Charleston, SC 29414-6647 |
| US Trustee's Office<br>Strom Thurmond Federal Building<br>1835 Assembly Street<br>Suite 953<br>Columbia, SC 29201-2448 | End of Label Matrix<br>Mailable recipients    36<br>Bypassed recipients    0<br>Total    36 | |